IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE NO. |
| v. | 1:16-CR-145-TWT-JKL-6 |
| LEWIS MOBELY (6) | |

## **FINAL REPORT AND RECOMMENDATION**

On September 29, 2017, this case was been certified ready for trial as to Defendant Lewis Mobely. [Doc. 1134.] On April 26, 2018, Mobely filed a *pro se* motion for substitution of counsel [Doc. 1469] and a *pro se* motion to dismiss the indictment [Doc. 1470]. Those motions were referred to me for determination. [Doc. 1473.] On May 21, 2018, I heard from Mobely and his counsel, *ex parte*, regarding the motion for substitution, and denied the motion without prejudice. [Doc. 1487.] The sole remaining motion before me, at the present time, is Mobely's *pro se* motion to dismiss.

Local Criminal Rule 57.1(D)(3) provides limited circumstances in which a represented party may file pro se motions in a criminal case:

> ***Pro Se* Appearance Limitations**. Whenever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court. Notwithstanding this rule, the court may in its discretion hear a party in open court even though the party has previously appeared or is represented by [an] attorney.

LCrR 57.1(D)(3), NDGa. Because Mobely was represented by counsel at the time he filed the motion to dismiss, and remains represented by counsel at the present time, the motion is due to be denied. Accordingly, it is **RECOMMENDED** that Mobely's motion to dismiss [Doc. 1469] be **DENIED**.

**IT IS SO RECOMMENDED** this 29th day of May, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge