IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

LEWIS MOBLEY
also known as
OG,

  Defendant.

CRIMINAL FILE NO.
1:16-CR-145-6-TWT

**ORDER**

    This is a criminal RICO action. It is before the Court on the Report and Recommendation [Doc. 1219] of the Magistrate Judge recommending denying the Defendant's Motion to Suppress Statements [Doc. 747], Motion to Suppress In-Court Identifications Based on Suggestive Out-of-Court Identification Procedures [Doc. 748], Motion to Sever [Doc. 749], Motion to Suppress Evidence Resulting from Unlawful Search Warrant [Doc. 919], Motion to Suppress Evidence Resulting From Arrest Pursuant to Unlawful Search Warrant [Doc. 920], Motion to Suppress Evidence [Doc. 968], Motion to Suppress Evidence Gathered Pursuant to the Stored Communication Act [Doc. 969], Motion for Early Production of Jencks Material and Giglio Materials [Doc. 975], and Motion for Disclosure of Confidential Informants

[Doc. 976].

I will not simply repeat the analysis of the thorough and well reasoned Report and Recommendation of the Magistrate Judge and the Report and Recommendation of Magistrate Judge Walker in United States v. Lewis Mobely, 1:13-cr-218 [Doc. 67]. With respect to the identification of the Defendant by the victim of the February 16, 2013 shooting, Judge Walker found that the identification procedures used in this case were not unduly suggestive. There was nothing about the size of the photographic array, the manner of its presentation, or the details of the Defendant's photograph that made the Defendant's photograph stand out. The manner in which the investigators presented the photographic array was not unduly suggestive. The victim's testimony that the investigators indicated to him which photograph to choose was not credible. The details of the victim's testimony at Judge Walker's evidentiary hearing were inconsistent with the credible testimony of the victim's mother, the investigator and the audio recording of the victim's identification of the Defendant in the hospital. I agree completely with Judge Walker's findings and recommendation. So did Judge Pannell and Judge Larkins. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Motion to Suppress In-Court Identifications Based on Suggestive Out-of-Court Identification Procedures [Doc. 748] is DENIED.

The Defendant's arrest was lawful where the police had an arrest warrant and there was probable cause to arrest him when he fled and led the police on a high-speed chase through a residential neighborhood. The cell phone that the Defendant gave to his 8 year old daughter during the high speed chase was properly seized under exigent circumstances or as a search incident to arrest. The search warrants for the cell phone were supported by probable cause and a nexus between the phone and the Defendant's criminal conduct. At all relevant times the cell phone was in the possession of law enforcement and the later imaging of the phone was permissible under Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure. The Defendant failed to make a showing that any knowing or reckless misrepresentations were made in the applications for the search warrants. There was probable cause to support the search of 2771 White Oak Drive. The Defendant was properly joined in this case under Rule 8(b). The question of severance due to undue prejudice is premature until a trial plan has been formalized. The motion may be renewed when that happens. Disclosure of confidential informers is not required based upon the Government's representation that they will testify at trial. The Court has no authority to order early disclosure of Jencks material at this time. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Suppress Statements [Doc. 747], Motion to Sever [Doc. 749], Motion to Suppress Evidence

Resulting from Unlawful Search Warrant [Doc. 919], Motion to Suppress Evidence Resulting From Arrest Pursuant to Unlawful Search Warrant [Doc. 920], Motion to Suppress Evidence [Doc. 968], Motion to Suppress Evidence Gathered Pursuant to the Stored Communication Act [Doc. 969], Motion for Early Production of Jencks Material and Giglio Materials [Doc. 975], and Motion for Disclosure of Confidential Informants [Doc. 976] are DENIED.

SO ORDERED, this 17 day of October, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge